IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **THE CANDLE BAR STORES, LLC**<br>    2934 Sidco Drive, Suite 140<br>    Nashville, Tennessee 37203<br><br>and<br><br>**DESIGNWORKS INVESTMENTS, LLC**<br>    2934 Sidco Drive, Suite 140<br>    Nashville, Tennessee 37203<br><br>            Plaintiffs,<br><br>v.<br><br>**1065 WISC LLC**<br>    7600 Wisconsin Avenue, Suite 650<br>    Bethesda, Maryland 20814<br><br>            Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:20-cv-2246 |

## COMPLAINT

Plaintiffs The Candle Bar Stores, LLC ("TCB") and Designworks Investments, LLC ("DWI") (collectively "Plaintiffs") bring this Complaint against 1065 Wisc LLC ("1065 Wisc" or "Defendant") and state as follows:

## PARTIES

1. Plaintiff The Candle Bar Stores, LLC is a limited liability company organized and existing under the laws of Tennessee. Its principal office is in Nashville, Tennessee. Its sole member is a citizen of Tennessee.

2. Plaintiff Designworks, LLC is a limited liability company organized and existing under the laws of Tennessee. Its principal office is in Nashville, Tennessee. Its sole member is a citizen of Tennessee.

3. Defendant 1065 Wisc LLC is a limited liability company organized and existing under the laws of Delaware. Its principal office is in Bethesda, Maryland. None of its members are citizens of Tennessee. Service of process can be effected on its officer or appointed agent at 7600 Wisconsin Avenue, Suite 650, Bethesda, Maryland 20814.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action because there is complete diversity between Plaintiffs and Defendant and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, as required under 28 U.S.C. § 1332.

5. This Court has personal jurisdiction over Defendant because Defendant transacts business in the District of Columbia and entered into a Lease Agreement with Plaintiffs regarding real property located in the District of Columbia.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because the suit concerns a Lease Agreement regarding real property located in the District of Columbia and because a substantial part of the events of omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## FACTS

7. On January 7, 2019, TCB and 1065 Wisc entered into a Lease Agreement (the "Lease") pursuant to which TCB, as Tenant, and 1065 Wisc, as Landlord, rented a retail premises containing approximately 2,111 square feet on the second floor of the building located at 1065

Wisconsin Avenue NW, Washington, D.C. 20007 (the "Premises"). DWI is the guarantor of TCB's performance under the Lease. A true and accurate copy of the Lease, and subsequent amendment, is attached hereto as **Exhibit A**.

8. TCB seeks this Court's declaration that it has the right to terminate the Lease because its performance as Tenant under the Lease has been rendered impossible and commercially impracticable by the occurrence of the COVID-19 pandemic and ensuing governmental regulations and orders, and the parties did not nor could have foreseen them, their non-occurrence being a basic assumption on which the Lease was made, and TCB's duty to render performance thereunder has been discharged.

9. DWI, as the guarantor of TCB's performance under the Lease, also seeks this Court's declaration that its obligations under the Lease are discharged because its performance has been rendered impossible and commercially impracticable for the same reasons.

10. TCB is in the business of selling high-end candles at retail stores across the United States, including the Premises at issue in this action. In its retail locations, TCB also offers a custom candle-making experience, during which customers, by appointment, enroll in candle-making classes at which they receive instruction, make candles, and are able to buy food and beverages.

11. In early 2020, the COVID-19 pandemic began to spread to major cities across the United States, including the District of Columbia.

12. On March 11, 2020, the Office of the Mayor of the District of Columbia declared a public health emergency for the COVID-19 pandemic.

13. On March 24, 2020, the Office of the Mayor issued Order 2020-053, requiring the temporary closure of non-essential businesses, including TCB. (the "March 24 Order").

14. The March 24 Order made it unlawful for TCB to operate its retail candle business and its custom candle-making classes.

15. Six days later, on March 30, 2020, the Office of the Mayor issued a District-wide Stay-at-Home Order, further restricting persons from leaving their homes to engage in nonessential activity.

16. The Office of the Mayor subsequently extended both the March 24 Order and the Stay-at-Home Order through May, when, on May 29, 2020, the Office of the Mayor lifted the District's Stay-at-Home Order, and the District entered Phase One of Reopening.

17. Phase One prevented nonessential retail stores, such as TCB, from reopening and only allowed curb-side pickup and delivery.  It was impossible for TCB to operate its retail store model, including its custom candle-making classes, under Phase One.

18. On June 11, 2020, the Office of the Mayor issued an Order moving Washington, D.C. to Phase Two of Reopening (the "June 11 Order").

19. Pursuant to the June 11 Order, non-essential retail businesses, including TCB, were required to limit the number of persons in their establishments to fifty percent (50%) of number specified on their respective certificate of occupancy, further making TCB's operations commercially impracticable.

20. The restrictions on non-essential retail businesses are still currently in effect.

21. Throughout the shutdown, and subsequently limited reopening, it has been impossible and commercially impracticable for TCB to engage in its retail business, including its custom-candle making classes.

22. On June 1, 2020, TCB and 1065 Wisc amended the Lease to include a temporary rent abatement through October 2020 in recognition of the financial impact of the COVID-19

pandemic. Nevertheless, the impact of the pandemic and the continued restrictions on non-essential businesses in the District of Columbia make TCB's operation of its retail store, custom candle-making classes, performance under the Lease, and DWI's guarantee of that performance impossible and commercially impracticable.

23. On August 11, 2020, TCB gave notice to 1065 Wisc that it was terminating the Lease as of August 14, 2020, having been discharged because the performance of its obligations under the Lease, as well as those of DWI as its guarantee, have been rendered impossible and commercially impracticable by the COVID-19 pandemic and ensuing governmental regulations and orders.

24. 1065 Wisc maintains that neither TCB nor DWI are discharged from the performance of their obligations under the Lease and that both TCB and DWI are in default under the Lease.

25. Section 2701 of the Lease provides for an award of reasonable attorneys' fees and costs to the prevailing party for bringing an action at law or other proceeding to enforce any of the terms, covenants, or conditions of the Lease.

## CAUSES OF ACTION

### First Cause of Action: Request for Declaratory Judgment Terminating the Lease Due to Impossibility of Performance and Commercial Impracticability

26. Plaintiffs restate and incorporate herein the allegations contained in the proceeding paragraphs.

27. This is an action for Declaratory Judgment pursuant to the Declaratory Judgment Act and Rule 57 of the *Federal Rules of Civil Procedure*. 28 U.S.C. § 2201 *et seq.*; Fed. R. Civ. P. 57.

5

28. There exists a justiciable controversy between TCB and DWI, on the one hand, and 1065 Wisc, on the other hand, with respect to the Lease. TCB and DWI request that the Court declare the rights, statuses, and legal relations by and among TCB, DWI, and 1065 Wisc. TCB further requests that the Court declare such other matters as are necessary to fully and finally determine and otherwise construe the respective rights, statuses, and other legal relations by and among TCB, DWI, and 1065 Wisc.

29. The COVID-19 pandemic and ensuing governmental regulations and orders are intervening events that unexpectedly occurred subsequent to the Parties' execution of the Lease and the non-occurrence of these events were a basic assumption upon which the Lease was made.

30. The Lease does not account for these unexpected occurrences and does not allocate the risk of them occurring between the Parties.

31. The COVID-19 pandemic and ensuing governmental regulations and orders have made TCB's operation of its retail business, performance under the Lease, and DWI's guarantee of that performance, impossible and commercially impracticable.

32. As such, TCB and DWI seek a declaration from this Court that their obligations under the Lease are discharged.

33. Plaintiffs further seek their reasonable and necessary attorneys' fees and costs pursuant to Section 2701 of the Lease and as otherwise provided at law or in equity.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of the Defendant as follows:

1. That this Court declare that Plaintiffs are discharged from their obligations under the Lease pursuant to the doctrines of impossibility of performance and commercial impracticability;
2. That this Court declare that Plaintiffs are not in default under the Lease;

3. For their reasonable attorneys' fees and costs for bringing this action pursuant to Section 2701 of the Lease;

4. For such other and further relief as may be appropriate; and

5. For general relief.

Dated: August 14, 2020                              Respectfully submitted,


   /s/ Charles W. Chotvacs
Charles W. Chotvacs (#484155)
Dykema Gossett PLLC
1301 K Street N.W., Suite 1100 West
Washington, D.C.  20005
Telephone: (202) 906-8619
Facsimile: (202) 906-8669
CChotvacs@dykema.com

*Counsel for Plaintiffs The Candle Bar Stores, LLC and Designworks Investments, LLC*


Of Counsel
Jay S. Bowen (*pro hac vice* application to be submitted)
Jacob T. Clabo (*pro hac vice* application to be submitted)
Shackelford Bowen McKinley & Norton, LLP
1 Music Circle South, Suite 300
Nashville, TN  37203
Telephone: (615) 329-4440
Facsimile: (615) 329-4485
jbowen@shackelford.law
jclabo@shackelford.law